**JS-6**

NOTE CHANGES MADE BY THE COURT

FILED
CLERK, U.S. DISTRICT COURT
4/2/2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>VERSA CARDIO, LLC,<br><br>    Defendant. | Case No. 5:17-cv-00180-PSG-SP<br><br>Assigned To: Hon. Phillip S. Gutierrez<br><br>~~[PROPOSED]~~ **DECLARATORY JUDGMENT** |
| VERSA CARDIO, LLC,<br><br>    Counterclaimant,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY,<br><br>    Counterdefendant. | Hearing Date: March 26, 2018<br>Hearing Time: 1:30 p.m. |

|   |   |
|---|---|
| 1 | This action came on for hearing before the Court on a motion for summary |
| 2 | judgment or, in the alternative, partial summary judgment filed |
| 3 | Defendant/Counterclaimant Versa Cardio, LLC's ("Versa") [Dkt. #36] ("Versa's |
| 4 | motion"), and a motion for summary judgment or, in the alternative, partial |
| 5 | summary judgment filed by Plaintiff/Counter-Defendant Evanston Insurance |
| 6 | Company ("Evanston") [Dkt. #37] ("Evanston's motion"). Both motions were set |
| 7 | for hearing on March 26, 2018. Having considered the papers filed by the parties in |
| 8 | support of and in opposition to their respective cross-motions, and having found the |
| 9 | motions appropriate for decision without oral argument, the Court granted in part |
| 10 | and denied in part Versa's motion and granted in part and denied in part Evanston's |
| 11 | Motion as set forth in detail in the Court's Minute Order [Dkt. #57] (the "Summary |
| 12 | Judgment Order") entered on March 21, 2018. The reasons for granting or denying |
| 13 | summary judgment are set forth in detail in the Court's Summary Judgment Order, |
| 14 | which is incorporated as if fully restated herein. |
| 15 | Accordingly, a decision having been duly rendered, **IT IS HEREBY** |
| 16 | **ORDERED, ADJUDGED AND DECREED** as follows: |
| 17 | With respect to the First Cause of Action for Declaratory Relief in Versa's |
| 18 | Counterclaim [Dkt. #20], and First, Second, Third and Fourth Causes of Action for |
| 19 | Declaratory Relief in Evanston's Complaint [Dkt. #1], the Court orders declaratory |
| 20 | relief as follows: |
| 21 | 1.      The TCPA claims asserted in the underlying action against Versa |
| 22 | entitled <u>Robert W. Mauthe, M.D., P.C. v. Versa Cardio, LLC</u>, United States District |
| 23 | Court for the Eastern District of Pennsylvania Case No. 5:16-cv-00570-JLS (the |
| 24 | "Mauthe Suit") are within the scope of the "Advertising Injury" liability coverage |
| 25 | of the Broadening Endorsement to policy No. EO858676 (the "Policy"). |
| 26 | 2.      Evanston must cover any damages awarded in the Mauthe Suit that are |
| 27 | attributable to negligent TCPA violations, including any $500 statutory per- |
| 28 | violation damages, which constitute covered compensatory "Damages" for |

1  "Advertising Injury" under the Policy.

2   3.   Evanston is not obligated to cover any $1,500 damage awards in the Mauthe Suit attributable to willful TCPA violations, which constitute noncovered trebled damages imposed pursuant to a statute.

4.   Evanston presently has a duty to defend Versa in the entire Mauthe Suit through the conclusion of the action, without any right to withdraw from Versa's defense or to seek reimbursement from Versa for any defense payments or other "Claim Expenses," indemnity or other sums paid to or on behalf of Versa in connection with the claims asserted in the Mauthe Suit.

5.   California Insurance Code Section 533 does not preclude coverage for the Mauthe Suit.

6.   The Policy Coverage B "Each Accident" limit of $1 million applies to the "Advertising Injury" coverage of the Broadening Endorsement and hence to the Mauthe Suit.

7.   The $1 million "Each Accident" limit of liability applies to the Mauthe Suit as a whole and not individually to each TCPA violation found.

8.   The $1 million "Each Accident" limit of liability is not reduced by defense payments or other "Claims Expenses."

9.   Because the Mauthe Suit constitutes a single "Accident" for purposes of the Policy, a single, $2,500 deductible applies to the Mauthe Suit as a whole.

10.  Evanston is obligated to pay for independent counsel selected by Versa to control the defense of the Mauthe Suit, which Evanston has failed to provide, rendering it liable for Versa's past and future independent counsel fees and costs.

11.  Evanston owes no coverage with respect to any liability for faxes sent before the Policy's retroactive date of December 2, 2013.

| | |
|---|---|
| 1 | This Judgment disposes of the entire action as to all parties. |
| 2 | |
| 3 | **IT IS FURTHER ORDER AND ADJUDGED** that |
| 4 | Defendant/Counterclaimant Versa recover its costs. |
| 5 | |
| 6 | Dated: **April 2, 2018** |
| 7 | Hon. Phillip S. Gutierrez<br>United States District Judge |